IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOHN EDWARD REDIC, JR., § | | |
| Plaintiff, § | | |
| § | | |
| v. § | | 3:11-CV-2507-L (BK) |
| § | | |
| ANGELE R. BANKS, et al., § | | |
| Defendants. § | | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and Special Order 3, this case was automatically referred to the United States Magistrate Judge. For the reasons that follow, it is recommended that the complaint be summarily dismissed with prejudice as frivolous.

**I. BACKGROUND**

Plaintiff, a resident of Dallas, Texas, filed a *pro se* action seeking judicial review of a final decision of the Commissioner of Social Security, denying his application for disability insurance benefits, and suing various defendants for money damages. *See Redic v. Astrue*, 3:10cv1056-K-BD (N.D. Tex. 2010). The Court permitted Plaintiff to seek judicial review of the administrative decision, denying disability benefits, but summarily dismissed his other claims under 28 U.S.C. § 1915(e)(2). *Id.* Subsequently, on September 21, 2011, the Court reversed the decision of the Administrative Law Judge and remanded Plaintiff's social security case to the Commissioner for further proceedings. *Id.*

The next day, Plaintiff filed the original complaint in this case against Administrative Law Judge Arthur J. Schultz, Attorney Carl Weisbrod, Social Security Administration Commissioner Michael J. Astrue, and Assistant Manager Angele R. Banks. (Doc. 2 at 1.) The

Court granted Plaintiff's motion to proceed *in forma pauperis*, but did not issue process. The Court then issued three deficiency orders, requiring Plaintiff to file a complaint in compliance with FED. R. CIV. P. 8(a). (Doc. 3, 8, 11.) Because his amended complaints (Doc. 4, 12) were very difficult to decipher, the Court also issued a questionnaire inquiring about the legal and factual basis for Plaintiff's claims. Plaintiff's answers to the questionnaire, however, are just as difficult to comprehend as his earlier pleadings. (Doc. 14.)

The Court liberally construes Plaintiff's original complaint as an action seeking relief from, *inter alia*: (1) an "un-favorable decision" by the Social Security Administration, (2) loss of wages, (3) withholding of a "utility allowance," and (3) "policy change[s]" in his apartment lease. (Doc. 2 at 1.) The amended complaint names different defendants than does the original, and relates threats to terminate Plaintiff's lease agreement if he does not sign a new lease, which allegedly contains new, undisclosed provisions. (Doc. 4 at 1.) In his *Certificate of Service*, also docketed as an amended complaint, Plaintiff lists two pages of *new* defendants and alleges various "web-glitch[es]" that may have affected his right to lease and could result in his eviction. (Doc. 12 at 1-5.)

## II.  DISCUSSION

Because Plaintiff is proceeding *in forma pauperis*, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2)(b). That statute provides for *sua sponte* dismissal of a complaint if the Court finds that it (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

A court may dismiss a complaint as frivolous when it is based on an indisputable meritless legal theory or when the factual contentions are "clearly 'baseless.'" *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).  The latter category encompasses allegations that describe "fanciful, fantastic, and delusional" scenarios, or that "rise to the level of the irrational or the wholly incredible." *Id.* at 33.

The Court liberally construes Plaintiff's filings with all possible deference due a *pro se* litigant.  *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (allegations of *pro se* complaints are held to less stringent standards than formal pleadings drafted by lawyers).  Even under this most liberal construction, Plaintiff's pleadings are frivolous.

Plaintiff's filings are nothing more than a confusing multitude of different events and accusations against numerous individuals.  When asked to identify the statutory or constitutional grounds on which he relies, Plaintiff states "sanction-under Rule 37 Amend.  See R. Freer, Aoviding [sic] Duplicative Litigation Unit - 50 U. Pitt. L. Rev. 809 (1989)." (Doc. 14, ans. 1.) He also states that he "prefers to attempt a settlement MHR-Check's [sic] first? Second back-pay of $775.00 dollars a week lost wage since May 18, 1995 from 'forklift' in addition to these possible glitch differences of the 'v' to them on?" *Id.*  When required to state facts to support subject-matter jurisdiction, Plaintiff responds with nonsensical statements such as "Dred Scott? Constitutional ground identified in letters.  Plaintiff-prose say last impressions negligence final example to make a particular over $900.000 MHR-check's from acting at cross - purposes . . . ." *Id.*, ans. 2 (misspelling, and errors in original).

Plaintiff's explanation of what each defendant did or failed to do fares no better.  *Id.*, ans. 3.  Plaintiff reiterates his request for sanction and "Dred Scott amend?" and then sets out a

nonsensical jumble of words relating to each of the listed defendants. *Id.* Plaintiff's assertions of state action are likewise unintelligible. *Id.*, ans. 5. In addition, he expresses the relief sought with the same confused, multitude of unrelated words.

> Court order MaryAnn Russ, DHA's president and Chief Executive Officer, for $10,000 dollars utilities damages and #1,000 dollars damages for each other ones each glitching. Court-order parole devision Frank Emech Sr. for all my medical withheld $900.000 damages and $99.000 for each judges denied court-order for these medical withheld from them by Texas Department of Criminal Justice Parole Division Frank Emech Sr. District Parole Officer Dallas I 1010 Cadiz Street, Suite 105 - A Dallas, Texas 75215.
>
> Court-ordered eaxahachie republican statate GOP Jim Pitts to retun the <u>MHR - Medical Sanction - under Rule 37 amend</u> over $900.000 withheld MHR-check's alone, and back-paid social security benefits cuts. Court-order & santion - under Rule 37 amend Gov. Rick Perry and Lt. Gov. David Dewhurst - $900.000 each day not return from Frank Emech Sr. Corporate Office is located 1227 W. Magnolia Ave. Ste, 150, Fort Worth - Texas 76104, Owner Mr. Jim Hopps <u>Sanction - Under Rule 37 Amend over & 900.000.</u>

*Id.*, ans. 7 (emphasis, misspelling, and errors in original).

Even when liberally construed, Plaintiffs filings are factually frivolous. The original and amended complaints and answers to the questionnaire (the latter exceeding 60 pages) describe fantastic or delusional scenarios that are clearly irrational and incredible. Accordingly, this action should be dismissed with prejudice as frivolous.

## III.  RECOMMENDATION

For the foregoing reasons, it is recommended that this action be **DISMISSED** with prejudice as frivolous.  See 28 U.S.C. § 1915(e)(2)(B).

SIGNED January 23, 2012.

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  See Douglass v. United Services Automobile Ass'n, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE